UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-607-RJC-DCK

| QUAIL VALLEY APARTMENT INVESTORS, LP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| PERNELL BROWN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court for initial review of the *pro se* Defendant's "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441(B)," (Doc. No. 1), that was docketed as a Notice of Removal, Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), and Plaintiff's Motion to Remand, (Doc. No. 3).

**I.  BACKGROUND**

*Pro se* Defendant filed his Notice of Removal requesting that this Court hear a Complaint in Summary Ejectment that Plaintiff filed in Mecklenburg County Small Claims Court. Defendant argues that the state-court proceedings are occurring "in violation of the Uniform Commercial Code of 15 U.S.C. 1692 with unlawful eviction proceedings [and] pursuant to the provisions of Title 28 U.S.C. Section 1441(b) the State Court of Mecklenburg County shall not proceed with any eviction against the petitioner until it is remanded or so ordered from the United States District Court." (Doc. No. 1 at 1). Defendant claims that Plaintiff is registered and headquartered in Washington, D.C. and is attempting to evict him in violation of the Fair Housing Act. Accordingly, Defendant argues, this action is removable pursuant to 28 U.S.C. § 1441(b). (Doc. No. 1 at 2).

1

Attached to the Notice of Removal is a small claims Complaint in Summary Ejectment filed by Plaintiff for possession due to $1,272 in unpaid rent. (Doc. No. 1-2 at 3). Both parties' addresses are in Charlotte, North Carolina. See (Doc. No. 1-2 at 1, 3).

Plaintiff has filed a Motion to Remand because this action is one for common law breach of contract codified under North Carolina General Statues §§ 42-3 and 42-26 and reserved under the original jurisdiction of the General Court of Justice by § 7A-240. Plaintiff is a corporation registered in North Carolina with a principal place of business in Charlotte. Defendant is a resident of Charlotte. Plaintiff alleges in its Complaint that Defendant breached the lease between the parties by failing to pay rent in the amount of $1,272. There is neither diversity of citizenship nor a sufficient amount in controversy to support removal under 28 U.S.C. §§ 1332 or 1441. Further, even if the Court finds that Defendant properly raised a defense in an attempt to invoke federal question jurisdiction under 28 U.S.C. § 1331, which Plaintiff disputes, the Complaint relies solely on state law and a defense is inadequate to confer federal jurisdiction. Plaintiff's citation to federal debt collection practice laws in 15 U.S.C. § 1692 therefore does not support removal.

Defendant has failed to respond to Plaintiff's Motion and the time for doing so has now expired.

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed in forma pauperis need only show indigence or poverty sufficient to

demonstrate his inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an in forma pauperis application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Defendant's Application shows that he had an average monthly income of $1,500 for the past 12 months. (Doc. No. 2 at 1-2). Defendant does not report any assets. (Id. at 3-4). Defendant's monthly expenses total $3,150, including $1,300 for housing, $500 for utilities, $600 for food, and $600 for transportation. Defendant explains the inability to pay the costs of these proceedings as follows: "REDUCED INCOME." (Doc. No. 2 at 5).

The Court is satisfied that Defendant does not have sufficient funds to pay the filing fee. The Court will, therefore, permit Defendant to proceed *in forma pauperis*.

### III. STANDARD OF REVIEW

Where a plaintiff is proceeding *in forma pauperis*, the Court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. DISCUSSION

Although Defendant attempts to rely on federal question jurisdiction and diversity of

citizenship to remove this case, the Complaint reveals that there is no diversity of citizenship and that the amount in controversy in this small-claims case is inadequate. 28 U.S.C. §§ 1332 or 1441. Further, Plaintiff's bare citation to federal debt collection law does not demonstrate the existence of a federal question. See Merrell Dow Parm., Inc. v. Thompson, 478 U.S. 804, 808 (1986) (the question whether a claim "arises under" federal law must be determined by reference to the well-pleaded complaint; "[a] defense that raises a federal question is inadequate to confer federal jurisdiction."). The instant small-claims ejectment action under North Carolina law "does not pose a federal question of any kind." Id. at 809.

Defendant's Notice of Removal is therefore frivolous and will be dismissed pursuant to § 1915(e)(2). See, *e.g.*, Bureau of Motor Vehicles Killinger v. Vora, 321 Fed. Appx. 106 (3d Cir. 2009) (dismissing *pro se* notice of removal as frivolous pursuant to § 1915(e)(2)(B) because it sought removal of state court proceedings over which the district court lacked jurisdiction). Plaintiff's Motion to Remand will be granted and this matter will be remanded to Mecklenburg County Small Claims Court.

**V.     CONCLUSION**

Defendant's Application to proceed *in forma pauperis* is granted, Defendant's Notice of Removal is dismissed as frivolous, Plaintiff's Motion to Remand is granted, and this action is remanded to the Mecklenburg County Small Claims Court.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

2. Defendant's Notice of Removal, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

3. Plaintiff's Motion to Remand, (Doc. No. 3), is **GRANTED** and this action is **REMANDED** to Mecklenburg County Small Claims Court.

4. The Clerk is respectfully directed to mail a copy of this Order to that court.

Signed: February 6, 2020

Robert J. Conrad, Jr.
United States District Judge